IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Andrea Person, #338104, | Civil Action No.: 4:15-cv-2560-RMG |
| Plaintiff, | |
| vs. | **ORDER** |
| Dr. Benjamin Lewis, *Physician*, | |
| Patricia Yeldell, *Associate Warden*, | |
| Angela Rawski, *Warden*, | |
| Donna Hawthorne, *Nurse*, | |
| Francis Parnell, *Nurse*, | |
| Defendants. | |

This matter comes before the court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that Plaintiff's Complaint be dismissed without prejudice and without service of process for failure to exhaust administrative remedies. (Dkt. No. 13). For the reasons stated below, the Court agrees and adopts the R & R as the order of the Court.

**Background**

Plaintiff Andrea Person is an inmate at Leath Correctional Institution in Greenwood, South Carolina. In her *pro se* complaint, she alleges that (1) Defendants Lewis, Hawthorne, and Parnell have been deliberately indifferent to her medical needs, and that (2) Defendants Rawski and Yeldell knew of the alleged medical indifference. (Dkt. No. 1).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) DSC, the Magistrate Judge reviewed the complaint. On October 28, 2015, the Magistrate Judge issued an R & R recommending that Plaintiff's complaint be dismissed without prejudice and without service of process for failure to exhaust administrative remedies. (Dkt. No. 13). Plaintiff filed objections on November 16, 2015. (Dkt. No. 15).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The Court is mindful of Petitioner's *pro se* status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Law/Analysis

The Magistrate Judge liberally construed the pleadings, accurately summarized the law, and correctly concluded that the Court should dismiss this complaint because Plaintiff has not demonstrated exhaustion of administrative remedies. As the Magistrate Judge explained, the exhaustion requirement applies to all inmate suits about prison life. *See Porter v. Nussle*, 534 U.S. 516, 527 (2002). Because Plaintiff's lack of exhaustion is evident on the face of the complaint and her objections that following administrative remedies would be futile are conclusory, *sua sponte* dismissal prior to service of the complaint is appropriate. *See, e.g., Anderson v. XYZ Correctional Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

## Conclusion

After review of the record, the Magistrate Judge's R & R, and the applicable law, the Court finds that the Magistrate Judge applied sound legal principles to the facts of this case. Therefore, the Court adopts the R & R (Dkt. No. 13) as the order of the Court and DISMISSES the complaint without prejudice and without service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 20, 2015
Charleston, South Carolina

3